UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

GAVIN A. IRBY
ALISHA H. IRBY

    Plaintiffs,

V                                                          CIVIL ACTION NO.

WALDORF FORD, INC.

    Defendant.                                       DECEMBER 24, 2008

COMPLAINT

**FIRST COUNT:**

1. This is an action for a declaratory judgement, a permanent injunction and damages for violation of the Truth In Lending Act, 15 U.S.C. § 1601 et seq., and for violation of the Motor Vehicle Information and Cost Saving Act (Odometer Law) 49 U.S.C. § 32801 et seq. and for violation of the Equal Credit Opportunity Act 15 U.S.C. § 1691 et seq., and for violation of the Md. Ann. Code Commercial Law Consumer Practices Act § 13-105 *et seq.*, and for violation of [COMAR, § 11.12.01.14M(1)(a)(f)]

2. Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331 and 1367.

3. Plaintiffs are residents of Andrew Air Force Base, Prince George's County and the State of Maryland.

4. Defendant Waldorf Ford, Inc. hereinafter referred to as ("Waldorf") is a domestic corporation with a place of business at 2440 Crain Highway, Waldorf, Maryland 20601.

5. On or about November 20, 2008 plaintiffs entered into a consumer transaction with defendant Waldorf to buy a used 2008 Dodge, VIN 2D4F47TH103998, for personal, family or household use, Purchase Order No. 1 and, Retail Installment Sales Contract ("RISC") No. 1.

6. On or about November 20, 2008 Waldorf requested that Plaintiff write it a check in the sum of Eleven Hundred($1,100) Dollars as a down payment when Waldorf was informed by Plaintiff it did not have good funds to cover the check, notwithstanding there were insufficient funds in Plaintiffs' account, Waldorf demanded the check.

7. On or about November 22, 2008 Plaintiffs provided Waldorf a cashier's check in the sum of Eleven Hundred ($1,100) Dollars and Waldorf made payment in that sum to another creditor of Plaintiffs in an attempt to improve Plaintiffs' credit in order for Plaintiffs to obtain financing on the Dodge.

8. Waldorf at no time received payment from Plaintiffs in the sum of Eleven Hundred ($1,100) Dollars as a down payment on the Dodge.

9. Waldorf did not disclose the lien fee on the RISC.

10. Waldorf did not pay to Public Officials the $265 it charged Plaintiffs.

11. Waldorf charged Plaintiffs for insurance protection that it did not request and failed to provide Plaintiffs an opportunity to purchase the insurance in the open

market.

12. Waldorf failed to provide the disclosure pursuant to Reg. Z Part 226 prior to consummation of the contract or subsequent to consummation in violation of the Truth in Lending Act.

13. As a result of Waldorf's actions, Plaintiffs have been damaged.

**SECOND COUNT:**

14. The allegations of ¶ No. 5 of Count One are repeated as if fully set forth herein.

15. Waldorf violated the Odometer Act in that this defendant failed to issue an odometer statement to Plaintiffs or (b) provided an inaccurate odometer statement to Plaintiffs.

16. Waldorf failed to obtain Plaintiffs signature on the title certificate, as required by regulations under federal Motor Vehicle Information and Cost Savings Act ("MVICSA") 49 U.S.C. § 32705. See 49 C.F.R. § 580.5. Based on information and belief had Waldorf obtained Plaintiffs' signature on the title certificate, as required, it would have disclosed to Plaintiffs that the Dodge had previously been owned by a rental company, information which Waldorf wished to and did conceal from Plaintiffs in order to obtain a better price.

17. Waldorf violated the MVICSA by failing to present the vehicle's certificate of title to Plaintiffs and by failing to obtain Plaintiffs' signature on the title certificate, with intent to defraud.

18. As a result of Waldorf's violation of the MVICSA, Plaintiffs did not learn the vehicle had been previously titled in the name of a rental car company. Had Plaintiffs know this information; they would not have purchase the car or sustained the damages set forth herein.

19. Plaintiffs have been damaged by Waldorf's actions.

**THIRD COUNT:**

20. The allegations of ¶ No.5 of the First Count are repeated as if fully set forth herein.

21. Waldorf required that Plaintiff Alisha H. Irby sign as Co-Buyer on the Purchase Order and the Retail Installment Sale Contract to assist her husband Galvin Irby purchase the Dodge.

22. Based on information and belief, the terms and conditions of credit discrimination against Plaintiff Alisha H. Irby because of her martial status was in violation of the Equal Credit Opportunity Act and Regulation B, hereunder.

23. Plaintiff Alisha H. Irby credit rating has been damaged.

**FOURTH COUNT:**

24. The allegations of ¶ No. 5 of the First Count are repeated as if fully set forth herein.

25. Waldorf charged Plaintiffs government fees and taxes in excess of those authorized in violation of Md. Ann. Code <u>Commercial Law</u> Credit Grantor Closed End Credit § 12-1005.

26. Based on information and belief, Waldorf did not disclose the correct interest rate (hidden finance charge) when it increase the price of the car by $1,100 on an inaccurate down payment.

27. Plaintiffs have been damaged.

**FIFTH COUNT:**

28. The allegations of ¶ No. 5 of the First Count are repeated as if fully set forth herein.

29. On or about November 28, 2008 Waldorf requested that Plaintiffs return to its place of business and sign a new Purchase Order, (No. 2) and Loan Documents with U.S. Bank, Cincinnati, Ohio, (No. 2) notwithstanding they had not received denial of credit in the November 20, 2008 transaction, Purchase Order No. 1 and RISC No.1.

30. Waldorf then back dated the Purchase Order No. 2 on November 28 to read November 20, 2008 and back dated the Loan Document No. 2 to read November 20, 2008.

31. Waldorf was acting as an arranger of credit and prepared the loan documents NO 2.

32. On Purchase Order No 2, Waldorf states, inaccurately, that Plaintiff made a down payment of $1,100, as Plaintiffs did not make any down payment.

33. Waldorf did not disclose the lien fee on Purchase Order No. 2.

34. Waldorf did not pay to Public Officials the $265 it charged Plaintiffs on Purchase Order No. 2

35. Waldorf overcharged Plaintiffs sales tax on Purchase Order No. 2

36. Waldorf overcharged Plaintiffs on the sales tax on Loan Document No. 2.

37. Waldorf did not disclose the lien fee on Loan Document No. 2.

38. Waldorf charged Plaintiffs for insurance protection that it did not request and failed to provide Plaintiffs an opportunity to purchase the insurance in the open market.

39. Plaintiffs have been damaged by Waldorf's violation of the Truth in Lending Act.

## SIXTH COUNT:

40. The allegations of ¶ No. 5 of the First Count and ¶ No. 30 of the Fifth Count are repeated as if fully set forth herein.

41. Waldorf violated the Odometer Act in that this defendant failed to issue an odometer statement to Plaintiffs or (b) provided an inaccurate odometer statement to Plaintiffs Purchase Order No. 2 and Loan Document No. 2.

42. Waldorf failed to obtain Plaintiffs signature on the title certificate, as required by regulations under federal Motor Vehicle Information and Cost Savings Act ("MVICSA") 49 U.S.C. § 32705. See 49 C.F.R. § 580.5. Based on information and belief had Waldorf obtained Plaintiffs' signature on the title certificate, as required, it would have disclosed to Plaintiffs that the vehicle had previously been owned by a rental company, information which Waldorf wished to and did conceal from Plaintiffs in order to obtain a better price, Purchase Order No. 2 and Loan Document No. 2.

43. Waldorf violated the MVICSA by failing to present the vehicle's certificate of title to Plaintiffs and by failing to obtain Plaintiffs' signature on the title certificate, with intent to defraud, Purchase Order No. 2 and Loan Document No. 2.

44. As a result of Waldorf's violation of the MVICSA, Plaintiffs did not learn the vehicle had been previously titled in the name of a rental car company. Had Plaintiffs know this they would not have purchase the car or sustained the damages set forth herein, Purchase Order No. 2 and Loan Document No. 2.

45. Plaintiffs have been damaged by Waldorf's actions, Purchase Order No. 2 and Loan Document No. 2.

**SEVENTH COUNT:**

46. The allegations of ¶ No.5 of the First Count and ¶ No.30 of the Fifth Count are repeated as if fully set forth herein.

47. Waldorf required that Plaintiff Alisha H. Irby sign as Co-Buyer on the Purchase Order No. 2 and the Loan Document No. 2 assist her husband Galvin Irby purchase the Dodge.

48. Based on information and belief, the terms and conditions of credit discrimination against Plaintiff Alisha H. Irby because of her martial status in violation of the Equal Credit Opportunity Act and Regulation B, hereunder.

49. Plaintiff Alisha H. Irby credit rating has been damaged.

**EIGHTH COUNT:**

50. The allegations of ¶ No. 5 of the First Count and ¶ No. 30 of the Fifth Count

are repeated as if fully set forth herein.

51. Waldorf charged Plaintiffs for VSI insurance for coverage in excess those disclosed in violation of Md. Ann. Code <u>Commercial Law</u> Credit Grantor Closed End Credit § 12-1005.

52. Waldorf failed to disclose the lien fee in violation of Credit Grantor Closed End Credit § 12-1005. in accordance with the Truth in Lending Act.

53. Plaintiff's have been damaged by Waldorf's actions.

**<u>NINTH COUNT:</u>**

54. The allegations of ¶ No.5 of the First Count and ¶ No. 30 of the Fifth Count are repeated as if fully set forth herein.

55. Waldorf has committed one or more unfair or deceptive acts or practices in violation of the Md. Consumer Protection Act § 13-105 et seq., including, but not limited to failing to disclose to Plaintiffs accurate financial terms of the transactions know as No. 1 and No 2.

56. Waldorf is a "merchant" within the meaning of the Maryland Consumer Protection Act ("CPA") Comm. Law, § 13-101(g), and is subject to all of the CPA's Provisions prohibiting unfair or deceptive trade practices including those in Md. Code Ann., Comm. Law §§ 13-303 and 13-301.

57. Waldorf failed to provide Plaintiffs with an odometer statement as required by the Federal Odometer Act on the proper title documents and did not show plaintiff title at the time of sale in transactions No. 1 and No. 2.

58. Waldorf violated the Equal Protect Act by requiring Plaintiff Alisha H. Irby to be a Co-Signer on Purchase Orders, the Retail Installment Sales Contracts and the Loan Documents.

59. Waldorf failed to disclose to Plaintiffs that the Dodge was a prior daily rental in violation of the Maryland State Statutes, Regulation and § 11.12.01.14 of the Department of Transportation.

60. Plaintiffs have been damaged.

WHEREFORE, it is respectfully requested that this Honorable Court:

1. Award Plaintiffs statutory damages, actual damages, costs and a reasonable attorney fees on Count I.

2. Award Plaintiffs treble damages (3x actual damages) or $1,500 statutory Damages, whichever is greater, costs and attorney fees on Count II.

3. Award Plaintiff Alisha H. Irby actual damages, statutory damages, punitive damages, cost and attorney fees pursuant to § 14-1009 within the meaning of Title 13 of this Article as subject to the enforcement and penalty provisions contained in Title 13 on Count III.

4. Award Plaintiffs statutory damages on Count IV.

5. Award Plaintiffs statutory damages, actual damages, costs and a reasonable attorney fees on Count V.

6. Award Plaintiffs treble damages (3x actual damages) or $1,500 statutory damages, whichever is greater, costs and attorney fees on Count VI.

7. Award Plaintiff Alisha H. Irby actual damages, statutory damages, punitive damages, cost and attorney fees pursuant to § 14-1009 within the meaning of Title 13 of this Article as subject to the enforcement and penalty provisions contained in Title 13 on Count VII.

8. Award Plaintiffs statutory damages, costs and a reasonable attorney fee on Count VIII.

9. Award Plaintiffs actual damages, statutory damages, punitive damages, costs and attorney fees for Violation of the Md. Ann. Consumer Protection Act on Count VIII.

10. Award Plaintiffs such other or further relief, including the return of the Dodge, as the Court deems just or equitable.

THE PLAINTIFF

BY /s/ [signature]
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
157 Pine Orchard Road
Branford, CT 06405
Ph  (443) 607-8901
Fax (443) 607-8903
Fed. Bar # CT00680
bernardtkennedy@yahoo.com